# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN PECK,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>RELEASING NOTICE OF LIS PENDENS<br><br>Case No. 2:20-CR-00185-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Jesse Dunn moves the court to release a notice of *lis pendens* filed by the Government in connection with a criminal forfeiture proceeding. The court grants the motion.

## I.

The court recounted the facts that led to the criminal forfeiture proceeding in its order granting Mr. Dunn's third-party petition. *See* Dkt. No. 64. There, the court vacated its preliminary order of forfeiture after determining that the Government had no legal interest in Salt Lake County Parcel No. 27-02-177-005, which is owned by Mr. Dunn and located at 8891 S. 1030 W., West Jordan, UT 84088. *See id.* The interest in that property asserted by the Government in the forfeiture proceeding is the subject of the notice of *lis pendens* at issue here.

Shortly after this court ruled in his favor in the forfeiture proceeding, Mr. Dunn moved this court to release the notice of *lis pendens*. *See* Dkt. No. 65. Less than two weeks later, the Government filed a notice of appeal of this court's decision vacating the preliminary forfeiture order. *See* Dkt. No. 67.

## II.

State law governs the filing or release of a notice of *lis pendens* based on a federal lawsuit. *See Hamilton v. Smith*, 808 F.2d 36, 37 (10th Cir. 1986). Under Utah law, "a court **shall**

order notice of pendency of action released" if two conditions are met. Utah Code Ann. § 78B-6-1304(2) (emphasis added). First, a person must "make a motion to the court in which the action is pending to release the notice." *Id*. § 78B-6-1304(1). Mr. Dunn moved this court to release the notice of *lis pendens* before the Government noticed its appeal, thus satisfying this condition by making his motion in the court where the action was then pending.

Second, "after a notice and hearing if determined to be necessary by the court, the court finds that the claimant has not established by a preponderance of the evidence the validity of the real property claim that is the subject of the notice." *Id*. § 78B-6-1304(2)(b). The parties have already litigated the Government's claim to Mr. Dunn's property. *See* Dkt. No. 64. The forfeiture proceedings provided the Government ample notice that Mr. Dunn disputed the validity of its claim as well as the opportunity to present evidence and argument in support of that claim. Under these circumstances no additional hearing is necessary; the court's previous determination that the Government lacks any legal interest in Mr. Dunn's property satisfies this condition.

Because Mr. Dunn has satisfied the conditions for obtaining relief under Section 78B-6-1304, he is entitled under Utah law to a judicial order releasing the notice of *lis pendens*. And while Section 78B-6-1304 mandates that the motion to release be made to "*the* court in which the action is pending," the statute requires "*a* court" to order release if both conditions are satisfied. (Emphasis added). So long as the action is pending in the court in which the motion is filed *at the time of filing*, the statute by its plain terms thus does not require that the action remain pending before that court *at the time it orders the notice released*. Because Mr. Dunn filed his motion while the action was still pending here, the Government's subsequent notice of appeal does not eliminate this court's obligation or authority under Utah law to release the notice.

### III.

Although the Government does not question this court's jurisdiction to decide Mr. Dunn's motion, the court nevertheless considers this issue *sua sponte* and concludes that the pending appeal does not divest it of jurisdiction to release the notice of *lis pendens*.

To be sure, it is settled law that "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). But it is equally well established that a district court retains "jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (*quoting Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 n.2 (5th Cir. 1984)); *see also Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1223 (8th Cir. 2006)*; Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 638 (7th Cir. 2006); *Deering Milliken, Inc. v. Federal Trade Commission,* 647 F.2d 1124, 1128–29 (D.C. Cir. 1978).

The Sixth Circuit applied this settled principle in *American Town Center v. Hall 83 Associates*, 912 F.2d 104 (6th Cir. 1990), addressing facts that are substantially similar to those presented here. There, two interested parties moved the district court to cancel notices of *lis pendens* after an appeal had been noticed. *Id.* at 110. The Sixth Circuit rejected the argument that the appeal divested the district court of jurisdiction to cancel the notices, explaining that "the cancellation of the notices of *lis pendens* was no more than enforcement of the [district] court's judgment." *Id.*

The court finds the Sixth Circuit's reasoning persuasive here. Especially in light of the mandatory terms of the governing Utah statute, releasing the notice of *lis pendens* at Mr. Dunn's request is no more than a natural consequence of this court's determination that the Government

3

lacks "any legal interest in Mr. Dunn's property." Dkt. No. 64 at 13. Because that determination has not been stayed or superseded, the Government's notice of appeal does not divest this court of jurisdiction to enforce that determination by releasing the notice.

*   *   *

For the foregoing reasons, Mr. Dunn's motion is **GRANTED**. The Government's notice of *lis pendens* based on its claim to Mr. Dunn's property shall be **RELEASED.**

**IT IS SO ORDERED**.

DATED this 3rd day of March, 2023

_____
Howard C. Nielson, Jr.
United States District Judge